# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH HOBBS, individually and on behalf of all others similarly situated,<br><br>              *Plaintiff,*<br><br>   v.<br><br>COMMONWEALTH SERVICING GROUP, LLC, a Massachusetts limited liability company, and DMB FINANCIAL, LLC, a Massachusetts limited liability company,<br><br>              *Defendants.* | Case No. 19-cv-10408-NMG<br><br>**JOINT STATEMENT AND PROPOSED PRETRIAL SCHEDULE** |

Plaintiff Keith Hobbs ("Plaintiff" or "Hobbs") and Defendants Commonwealth Servicing Group, LLC and DMB Financial LLC ("Defendants" or "Commonwealth") jointly submit this Joint Statement and Proposed Pretrial Schedule pursuant to the Rule 26(f) of the Federal Rules of Civil Procedure and this Court's May 10, 2019 Notice of Scheduling Conference (Dkt. 10).

1. <u>Jurisdiction & Service</u>

This case is an alleged class action brought under the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA" or the "Act."). As such, the Parties agree that the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

2. <u>Motions</u>

<u>Plaintiff's Position</u> Plaintiff anticipates moving for class certification following class discovery and potentially moving for summary judgment in favor of himself and the class members.

Defendants' Position: Defendants anticipate objecting to any motion for class certification and/or summary judgment. The Defendants also anticipate moving for summary judgment in their favor.

3. Amendment of Pleadings

Plaintiff's Position: Discovery may reveal other entities or individuals personally involved in the making of the calls so as to warrant their inclusion as additional defendants. Plaintiff also anticipates the need to amend the class definition following appropriate class discovery regarding the contours of the class. Plaintiff's position is that a deadline for amending the pleadings should be set at some point following completion of certain discovery regarding class related issues so as to identify any additional culpable parties and to appropriately focus the class definition. Plaintiff proposes October 16, 2019 as the deadline to file amended pleadings.

Defendants' Position: The Defendants have no objection to the proposed October 16, 2019 deadline. In the event that amended pleadings are filed by the Plaintiff, the Defendants request 30 days thereafter to file their amended answer.

4. Evidence Preservation.

The Parties are committed to working together to reduce the costs of ESI and ensure that all relevant information is preserved.

5. *Disclosures*

The Parties will exchange initial disclosures on or before June 12, 2019.

6. Discovery

Plaintiff's Position: No formal discovery has yet to be issued. Plaintiff is amenable to negotiating a reasonable ESI stipulation if necessary. Plaintiff's position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period, the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Discovery is needed regarding certain threshold issues that will materially advance the case:

(1) The ability to identify other cellphone numbers that Defendants called (or had called on their behalf) where the telephone numbers (and consent to call) were obtained in the same manner as Plaintiff's;

(2) The dates and times Defendants (or its vendor) called such cellphone numbers;

(3) The identity of any vendor Defendants used to make the calls at issue;

(4) Information identifying Defendants' or their vendor's dialing equipment; and

(5) Information regarding whether all or some of the calls were in fact prerecorded in nature.

Defendants' Position: The Defendants have no objection to the proposed discovery schedule. The Defendants deny that they made the calls as alleged by the Plaintiff in his Complaint and this Joint Statement and Proposed Pretrial Schedule. The Defendants further deny that a class exists in this action.

Discovery is needed regarding certain (including but not limited to) threshold issues:

(1) Information identifying the manner in which the alleged calls occurred.

(2) Information as to whether the alleged calls were answered, recorded, documented, and/or witnessed.

(3) Information as to the manner in which the Defendant was identified as the company that allegedly made the phone calls at issue.

(4) Information as to the other TCPA complaints filed by the Plaintiff.

7. Settlement and ADR

The Parties will comply with the Court's Order regarding settlement proposals.

8. Consent to Magistrate Judge For All Purposes

All Parties do not consent to have a magistrate judge conduct all further proceedings.

9. Scheduling

Plaintiff's Position: As set forth above, Plaintiffs' position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Parties would brief class certification. Dates for dispositive motions, a pretrial conference, and

trial would be set at a subsequent case management conference following a decision on class certification. Proposed dates for this schedule are as follows:

| | |
|---|---|
| Designation of Experts Related to Class Certification and Reports Due: | Feb. 12, 2020 |
| Designation of Rebuttal Experts and Reports Due: | Mar. 13, 2020 |
| Fact Discovery Cut Off (class issues): | Apr. 13, 2020 |
| Plaintiff's Motion for Class Certification Due: | Apr. 27, 2020 |
| Defendant's Opposition to Class Certification Due: | May 18, 2020 |
| Plaintiff's Reply in Support of Class Certification Due: | June 1, 2020 |

Subsequent case management conference to be set following a ruling on certification.

Defendant's Position: Defendants do not have any objection to the proposed discovery schedule.

10. Trial

The parties anticipate a jury trial of 3-5 days.

11. Local Rule 16.1(D)(3) Certification

The Parties affirm that each party has conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Dated:  June 12, 2019          /s/ Steven L. Woodrow

                               Counsel for Plaintiff


Dated:  June 12, 2019          /s/ Daniel Ruggiero

                               Counsel for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2019, I served copies of the foregoing papers on all counsel of record by filing such papers with the Court using the Court's electronic filing system.

      *s/ Steven L. Woodrow*